IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL BAUERMEISTER, | ) | 8:11CV343 |
| Shareholder, Hmong Satellite TV, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| STATE OF WISCONSIN, SUAB | ) | |
| HMONG BROADCASTING, and | ) | |
| HMONG T.V., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on October 3, 2011.  (Filing No. 1.)
Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.)  The
court now conducts an initial review of Plaintiff's claims to determine whether summary
dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.      SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the State of Wisconsin, Saub Hmong
Broadcasting and Hmong T.V., LLC.  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff resides in
Omaha, Nebraska, and asserts that he is a Hmong Satellite T.V. shareholder.  (*Id.*)

Plaintiff's Complaint contains very few allegations.   Plaintiff alleges that
Defendants have breached the Federal Trademark Dilution Act ("FTDA") and he demands
that the court "disolve [sic] the company and force the parties [that] are connected to this
[to] pay the damages they cause[d] to Hmong Satellite T.V., INC."  (*Id.* at CM/ECF pp.
4-5.)

## II.      APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.      DISCUSSION OF CLAIMS

Because Plaintiff's Complaint contains so few allegations, his claims are difficult to decipher.  As best as the court can tell, he is attempting to assert a shareholder derivative suit under the FTDA for dilution of trademarks owned by Hmong Satellite T.V.

As a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property.  Such a cause of action is in the corporation and not the shareholders.  The right of

2

a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation.

*Freedom Fin. Grp., Inc. v. Woolley*, 792 N.W.2d 134, 140 (Neb. 2010).  However, because Plaintiff is proceeding pro se, he may not bring a shareholder derivative suit.  *See, e.g,* *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (concluding a pro se litigant could not bring a shareholder's derivative suit); *Curtis v. United States*, 63 Fed. Cl. 172, 178 (Fed. Cl., 2004) (holding derivative claims require representation by an attorney).

To the extent that Plaintiff is attempting to assert an FTDA claim against Defendants for diluting a trademark that he owns, his Complaint fails to state a claim upon which relief may be granted.  To state an FTDA claim, Plaintiff must show that (1) the mark is famous; (2) the defendant is making commercial use of the mark; (3) the use began after the mark became famous; and (4) the use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services.  *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1164 at n.4 (9th Cir. 2011) (citing 15 U.S.C. § 1125(c)); *see* *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 118 (2d Cir. 2006); *Gap, Inc. v. G.A.P. Adventures Inc.*, No. 07 Civ. 9614(AKH), 2011 WL 2946384, at *16 (S.D.N.Y. Jun. 24, 2011).  Plaintiff fails to even identify a trademark, much less a famous trademark.  Moreover, he fails to describe any conduct that could be liberally construed to support an FTDA claim.

However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint to allege facts sufficient to state an FTDA claim.  Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1) and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.   If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's FTDA claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:


1.     Plaintiff shall have until **January 13, 2012**, to amend his Complaint and clearly state a claim upon which relief may be granted, in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.


2.     In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.


3.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on January 13, 2012.


4.     Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**


DATED this 13th day of December, 2011.

                              BY THE COURT:

                              *Richard G. Kopf*
                              Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.